IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 6, 2021

## STATE OF TENNESSEE v. RICKEY BENSON

**Appeal from the Criminal Court for Shelby County
Nos. 17-05158, 17-05159   James M. Lammey, Judge**

_____

### No. W2020-01107-CCA-R3-CD

_____

In 2020, the Defendant, Rickey Benson, filed a motion pursuant to Tennessee Rule of Appellate Procedure 36.1 seeking to correct an illegal sentence. The trial court summarily denied the Defendant's motion for failure to state a colorable claim. On appeal, the Defendant contends that the trial court erred when it denied his motion. After a thorough review of the record and applicable authorities, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Rickey Benson, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

A Shelby County grand jury indicted the Petitioner for two counts of burglary of a building. The scant record in this case does not include judgments or a transcript of the disposition of his case. In his brief, however, the Defendant states that, on January 7, 2019, he signed a plea agreement for a six-year sentence.

On June 4, 2020, the Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 to correct his illegal sentence. In the Defendant's motion, he contended that he was taking prescribed medication for mental illness at the time he entered

his guilty plea. Due to his use of these medications, the Defendant argued that he should be given a chance to withdraw his guilty plea.

On August 11, 2020, the trial court summarily issued an order denying the Defendant's requested relief. As grounds for the dismissal, the trial court found that the Defendant had failed to state a colorable claim for which relief could be granted.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it summarily dismissed his motion. He asserts that the trial court erred when, at the time of his guilty plea, the trial court failed to "certify to the State that [he] was a certified mental patient who was consuming prescribed drugs at the time." He argues that this status "qualified [him] to a lesser time on probation and to a mental program to enjoy the privilege of supervised release." The State responds that, because none of the Defendant's claims render his sentence illegal, the trial court properly dismissed his motion. We agree with the State.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The *Wooden* court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

The State initially notes the procedural deficiencies in the Defendant's motion to correct an illegal sentence. We agree. The Defendant failed to "attach to the motion a

copy of each judgment order at issue." *Id.* In so doing, the Defendant failed to comply with the procedural requirements of Rule 36.1, and he failed to provide this Court with an adequate record to review on appeal. The trial court's dismissal is proper on this ground alone. Nonetheless, we conclude that the trial court's denial on the basis that the Defendant has failed to state a colorable claim was proper. The Defendant is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's summary dismissal of the Defendant's Rule 36.1 motion to correct an illegal sentence.

_____
ROBERT W. WEDEMEYER, JUDGE